1  Paul J. Andre (Bar No. 196585)
   pandre@perkinscoie.com
2  Esha Bandyopadhyay (Bar No. 212249)
   bande@perkinscoie.com
3  Perkins Coie LLP
   101 Jefferson Drive
4  Menlo Park, California  94025-1114
   Phone: (650) 838-4370
5  Fax: (650) 838-4350

6  Scott T. Wilsdon (*pro hac vice*)
   wilsdon@yarmuth.com
7  Jeremy Roller (*pro hac vice*)
   jroller@yarmuth.com
8  Yarmuth Wilsdon Calfo PLLC
   925 Fourth Avenue, Suite 2500
9  Seattle, Washington  98104
   Phone: (206) 516-3800
10 Fax: (206) 516-3888

11 Attorneys for Plaintiff
   MICROSOFT CORPORATION

12

13            UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
14

15 MICROSOFT CORPORATION, a          No. 3:07-cv-01839-JSW
   Washington corporation,
16                                    **JOINT CASE MANAGEMENT
              Plaintiff,              STATEMENT**
17
        v.
18
   EEE BUSINESS INC., a California
19 corporation, d/b/a EBUSZONE.COM and
   EBZ EBZ; MING NI SHANG; LIFENG
20 WANG, a/k/a ALICE WANG; NANCY
   LINKER; and JOHN DOES 1-5,
21
              Defendants.
22

23

24        Pursuant to this Court's Order Setting Case Management Conference and Requiring

25 Joint Case Management Statement (Dkt. # 12), the parties' joint case management

26 statement was due five court days prior to the case management conference, which is

1   presently scheduled for August 24, 2007.  Because the single defendant to have appeared in

2   this matter, Defendant Lifeng (Alice) Wang ("Defendant Wang"), failed to participate in

3   the preparation of the joint case management statement prior to its August 17, 2007 due

4   date, Plaintiff Microsoft Corporation ("Microsoft") submitted a case management statement

5   on its own behalf August 17, 2007.  *See* Plaintiff Microsoft Corporation's Case

6   Management Statement (Dkt. # 33); Declaration of Jeremy Roller (Dkt. # 34).

7          On August 20, 2007, Defendant Wang's counsel emailed Microsoft's counsel with

8   certain additions to a draft joint case management statement Microsoft previously had

9   provided to Defendant Wang.  For the convenience of the Court and the parties, Microsoft

10  now submits this Joint Case Management Statement.

11  1.     **Jurisdiction and Service**.

12         This Court has subject matter jurisdiction over Microsoft's claims for copyright

13  infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a), and venue is

14  proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

15  Defendant Wang conducts business and resides in the Northern District in Santa Clara

16  County and was served on May 30, 2007.  Defendants EEE Business, Inc. and Ming Ni

17  Shang were also served on May 30, 2007, but have failed to appear or respond to the

18  Complaint herein.  Defendant Nancy Linker has not been found and service has not been

19  effected upon her.

20  2.     **Facts**.

21         a.      **Factual Chronology**:  Microsoft alleges the following: On September 29,

22  2006, a Microsoft investigator ordered one unit of Microsoft Windows XP Professional and

23  one unit of Microsoft Windows XP Professional x64 Edition through www.ebuszone.com

24  which, upon information and belief, is Defendants' web site. Microsoft examined the

25  software and determined that it infringed its copyrights because it was Microsoft Student

26  Media software ("Student Media"), which the Defendants were not authorized to use or

distribute, and which Microsoft believes was unlawfully imported to the United States and/or distributed in interstate commerce by the John Doe Defendants.  On January 3, 2007, Microsoft delivered a letter by Federal Express to Defendants, demanding that they cease and desist all infringing activity or risk legal action.  Despite this warning, it was determined through purchases by Microsoft investigators on January 14, 2007 (one unit each of Windows XP Professional and Windows XP Professional x64 Edition) and February 8, 2007 (one unit each of Windows XP Professional and Office 2003 Professional) that Defendants were continuing their distribution of Student Media and Volume License Media through use of the web site www.ebuszone.com, thereby infringing Microsoft's copyrights.  The February 8, 2007 purchase also revealed that Defendants were distributing unauthorized volume license keys on counterfeit volume license key labels.

Defendant Lifeng (Alice) Wang denies any involvement by her in the wrongful acts or omissions alleged above.

b.     **Principal factual issues in dispute**:  Microsoft contends that the Defendants imported to the United States Microsoft software, including but not limited to, Windows XP and Office 2003, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks, and/or distributed in the United States that software, without approval or authorization from Microsoft.  Defendant Wang has denied these allegations.

3.     **Legal Issues**.

(1) Whether Defendants infringed Microsoft's registered copyrights by importing and/or distributing Microsoft software and components, without approval or authorization from Microsoft, in violation of 17 U.S.C. §§ 501, 602; (2) whether Defendants' actions were willful, as defined by 17 U.S.C. § 504(c)(2); (3) whether Defendants' actions violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2); (4) whether Defendants'

1  actions violated the Anti-Counterfeiting Amendments Act of 2004, 18 U.S.C. § 2318; and

2  (5) whether Defendants are liable for tortious interference with contractual relations.

3  4.   **Motions**.

4       There are no previous or pending motions in this matter. This Court has entered

5  default against Defendants EEE Business, Inc. and Ming Ni Shang. Microsoft intends to

6  bring a motion for default judgment against those Defendants.

7  5.   **Amendment of Pleadings**.

8       Microsoft may amend its complaint if discovery reveals the identity of the John Doe

9  Defendants. The parties propose a deadline of November 14, 2007 for amending the

10  pleadings. Microsoft may request leave to amend its complaint after that date if discovery

11  regarding Defendants' source of illegally imported Microsoft Student Media software is not

12  forthcoming.

13  6.   **Evidence Preservation**.

14       Plaintiff Microsoft's evidence is based on hard copies of purchased products

15  documented by hard-copy transactional records, which have been preserved for trial by

16  Microsoft.

17       Defendant Wang agrees to preserve any and all Microsoft software products in her

18  possession; copies of all business records, invoices, billing statements, orders and shipping

19  records relating to Defendants' sales and purchases of any Microsoft software products;

20  records containing contact information for the companies and/or individuals from whom

21  they acquired any Microsoft software for resale, including addresses, telephone numbers,

22  email addresses and website addresses; and copies of any correspondence, email or

23  otherwise, relating to any Microsoft software or products Defendants have acquired and/or

24  distributed.

25  7.   **Disclosures**.

26       Microsoft and Defendant Wang have exchanged their initial disclosures.

Plaintiff Microsoft disclosed (i) the names and relevant information regarding known fact witnesses, (ii) evidence relevant to its case (copyright and trademark registrations, copies of web pages from www.surpluscomputers.com, infringing Student Media distributed by Defendants in Microsoft's possession, and the invoices for the infringing Student Media acquired by Microsoft's investigators), and (iii) the applicable damages and statutory references thereto.

Defendant Wang disclosed herself as the only witness likely to have discoverable information she may use in support of her defenses. Defendant Wang disclosed no documents, data compilations, or tangible things in her possession that she may use in support of her defenses, mainly because she was denied access to her former residence in her divorce proceeding and she is currently under custody in a state correction facility due to an alleged parole violation.

8. **Discovery**.

Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), were exchanged as noted in Paragraph 7 above. No other discovery has been conducted to date.

The parties do not currently anticipate the need for modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules. The parties, however, reserve their rights to request modification or limitations on discovery as this case proceeds.

The parties have agreed on a proposed discovery plan as set forth in their Rule 26(f) Report of Meeting.

9. **Class Actions**.

Not applicable.

10. **Related Cases**.

Not applicable.

11.   **Relief**.

a.     **Damages**:  Microsoft will seek to recover actual damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).  Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).  Microsoft will also seek to recover actual damages and/or statutory damages as under the Digital Millennium Copyright Act, 17 U.S.C. § 1201, and the Anti-Counterfeiting Amendments Act of 2004, 18 U.S.C. § 2318.

b.     **Bases for damage calculation**:  Actual damages should be calculated based on the (i) lost sales and foregone profits to Microsoft caused by Defendants' infringing conduct, (ii) internal costs to Microsoft of investigating Defendants' infringing conduct, and (iii) profits directly attributable to Defendants' sales of Student Media software.  Statutory damages will be calculated based on the number of Microsoft copyright infringements, with each copyright infringement assessed at no less than $750 and no more than $30,000, for non-willful infringements, and no more than $150,000 each for willful infringement.

c.     **Accounting**:  Microsoft will seek an order, pursuant to 17 U.S.C. § 504, requiring Defendants to provide Microsoft a full and complete accounting of all profits received by Defendants from their distribution or sale of infringing Microsoft software and/or materials, and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities.

d.     **Injunctive Relief**:  Microsoft will seek a preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 to prohibit Defendants from continuing their infringing conduct.

e.     **Impoundment Order**:  Microsoft will seek an order, pursuant to 17 U.S.C. §§ 503(a) and 509(a) and 28 U.S.C. § 1651(a), impounding all infringing Microsoft

1   software and/or materials, or any Microsoft documentation or packaging, and any related

2   items, including business records, that are in Defendants' possession or under their control,

3   and ordering the return, remedial destruction, or other appropriate disposition of all

4   impounded items.

5         f.   **Constructive Trust**:  Microsoft will seek an order, pursuant to 17 U.S.C. §

6   504(b) declaring that Defendants hold in trust, as constructive trustees for the benefit of

7   Microsoft, all "profits" received by Defendants from their importation, distribution or sale

8   of infringing Microsoft software and/or materials, and issue temporary, preliminary and

9   permanent injunctive relief enjoining and restraining Defendants and their agents from

10   transferring, concealing or dissipating all profits and assets acquired in whole or in part with

11   those profits.

12         g.   **Attorney's Fees/Costs**:  Microsoft will also seek to recover its attorney's

13   fees and costs of suit pursuant to 17 U.S.C. § 505.

14   12.   **Settlement and Alternative Dispute Resolution**.

15         The parties have elected Mediation (ADR L.R. 6) as their ADR process.  The ADR

16   plan was previously filed in accordance with the Court's scheduling order.  Microsoft will

17   require discovery from Defendants in order to be in a position to negotiate a resolution.

18   13.   **Consent to Magistrate Judge for All Purposes**.

19         The parties do not consent to having a magistrate judge conduct trial and enter

20   judgment.  The parties will consent to a referral to a magistrate judge for general case

21   management and discovery issues.

22   14.   **Other References**.

23         The case is not suitable for reference to binding arbitration, a special master, or the

24   Judicial Panel on Multidistrict Litigation.

25

26

15. **Narrowing of Issues**.

The parties agree that Microsoft holds valid copyright registrations in, *inter alia*, (a) Microsoft Windows XP, (b) Microsoft Office 2003, (c) Microsoft Access 2003, (d) Microsoft Excel 2003, (e) Microsoft Outlook 2003, (f) Microsoft PowerPoint 2003, and (g) Microsoft Word 2003.

16. **Expedited Schedule**.

Not applicable.

17. **Scheduling**.

The parties propose the following case deadlines:

| | |
|---|---|
| Plaintiff's expert disclosures: | October 29, 2007 |
| Defendants' expert disclosures: | November 29, 2007 |
| Discovery Cut-Off: | February 29, 2008 |
| Deadline to add additional parties: | November 8, 2007 |
| Dispositive Motions Deadline: | April 11, 2008 |
| Pre-Trial Conference: | June 16, 2008 |
| Trial Date: | July 21, 2008 |

18. **Trial**.

Defendant Alice Wang requests a trial by jury. Microsoft contends that Defendant Wang failed timely to serve and file a jury demand as required by Fed. R. Civ. P. 38, and reserves its right to move to strike any such demand as untimely if Defendant Wang does serve and file a jury demand.

The parties expect that the trial will last approximately five days.

19. **Disclosure of Non-Party Interested Entities or Persons**.

Microsoft has filed the required Certification of Interested Entities or Persons under Civil Local Rule 3-16.

20.   **Other Matters**.

Not applicable.


DATED this 21st day of August, 2007.


PERKINS COIE LLP

By:___/s/ Esha Bandyopadhyay___
    Paul J. Andre (Bar No. 196585)
    pandre@perkinscoie.com
    Esha Bandyopadhyay (Bar No. 212249)
    bande@perkinscoie.com
101 Jefferson Drive
Menlo Park, California 94025-1114
Phone: (650) 838-4370
Fax: (650) 838-4350


OF COUNSEL:

YARMUTH WILSDON CALFO PLLC

By:__/s/ Jeremy E. Roller___
    Scott T. Wilsdon (*pro hac vice*)
    wilsdon@yarmuth.com
    Jeremy E. Roller (*pro hac vice*)
    jroller@yarmuth.com
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888


Attorneys for Plaintiff MICROSOFT
CORPORATION

By:___/s/ James Cai_____
    James Cai (Bar No. 200189)
    jcai@sacattorneys.com
    Judith Pearce (Bar No. 100016)
100 Century Center Court, Suite 315
San Jose, California  95112
Phone: (408) 436-0789
Fax: (408) 436-0758

Attorneys for Defendant LIFENG (ALICE)
WANG

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that the foregoing document was served upon the following parties, by the means designated below, this 21st day of August, 2007:

<u>Pro Se Defendants</u>

EEE Business, Inc.
10325 Finch Avenue
Cupertino, CA 95014

EEE Business, Inc.
1777 North Milpitas Blvd. #215
Milpitas, CA 95035

Ming Ni Shang
10325 Finch Avenue
Cupertino, CA 95014

Ming Ni Shang
1777 North Milpitas Blvd. #215
Milpitas, CA 95035

[X] U.S. Mail
[  ] FedEx
[  ] Hand-Delivery
[  ] Facsimile
[  ] Email
[  ] ECF Electronic Filing

<u>Counsel for Defendant Lifeng (Alice) Wang</u>

James Cai
Charles Standard
Judith Pearce
Schein & Cai LLP
100 Century Center Court, Suite 315
San Jose, CA  95112
Phone: 408-436-0789

[X] U.S. Mail
[  ] FedEx
[  ] Hand-Delivery
[  ] Facsimile
[  ] Email
[X] ECF Electronic Filing

/s/  Esha Bandyopadhyay
Esha Bandyopadhyay
Paul J. Andre
PERKINS COIE LLP

/s/  Jeremy E. Roller
Scott T. Wilsdon (*pro hac vice*)
Jeremy E. Roller (*pro hac vice*)
YARMUTH WILSDON CALFO PLLC

Attorneys for Plaintiff **MICROSOFT CORPORATION**

JOINT CASE MANAGEMENT STATEMENT
NO. 3:07-cv-01839-JSW – Page 10

425.24 hh201503 8/21/07