United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,

    Plaintiff,

v.

EEE BUSINESS INC., d/b/a EBUZONE.COM and EBZ EBZ; MING NI SHANG; LIFENG WANG, a/k/a ALICE WANG; NANCY LINKER; and DOES 1-5,

    Defendants.
_____/

No. C 07-01839 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 11, 2008 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for partial summary judgment.

The parties shall each have 15 minutes to address the following questions:

1. Although the Court may grant a permanent injunction "on such terms as it deems reasonable to prevent or restrain a violation," Microsoft has made no presentation that it is entitled to the specific terms contained in its proposed order, except to the extent that the terms duplicate the prayer for relief in its complaint. *See* 17 U.S.C. § 502(a); 17 U.S.C. § 1203(b)(1). For instance, on this record, can the Court conclude that Defendant Wang is liable for infringing every one of the listed copyrighted Microsoft software products? On what basis may the Court enter such an injunction?

2. Should the Court determine that it cannot assess the credibility of Alice Wang's declaration in this procedural posture and should it find that Defendant Wang is liable only for contributory copyright infringement, can the Court only grant summary judgment against Wang on claims one and two?

3. Has Defendant Wang responded to the outstanding Requests for Admissions? If not, why should this Court not deem those requests admitted pursuant to Federal Rule of Civil Procedure 36(a)(3)? In the case management statement, Defendants state that they anticipate "filing a motion to withdraw admissions." (CMC Stmt at 4.) On what basis would Defendant so move? Having not yet presented the issue to the Court, is the Court bound to deem the lack of responses admissions?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 9, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2