IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>EEE BUSINESS INC., d/b/a EBUSZONE.COM and EBZ EBZ; MING NO SHANG; LIFENG WANG, a/k/a ALICE WANG; NANCY LINKER; and DOES 1-5,<br><br>    Defendants.<br> _____/ | No. C 07-01839 JSW<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT MOTION TO STRIKE** |

Now before the Court is the motion for summary judgment filed by Plaintiff Microsoft Corporation ("Microsoft") against defendant Lifeng Wang, a/k/a Alice Wang ("Wang") regarding damages and attorneys' fees and costs. Microsoft also brings a motion to strike exhibits to Plaintiffs' counsel declaration submitted in opposition to the motion for summary judgment. Having carefully considered the parties' papers, and the relevant legal authority, the Court hereby DENIES Microsoft's motion for partial summary judgment and DENIES AS MOOT Microsoft's motion to strike. The Court finds that the motions noticed for hearing on Friday, September 26, 2008 at 9:00 a.m., are appropriate for decision without oral argument. Accordingly, the hearing date is hereby VACATED.

## BACKGROUND

Microsoft brought this civil action against defendant Wang, EEE Business, and a few individuals for unauthorized importation into the United States of Microsoft Student Media

software that was manufactured and licensed for use abroad, and distributing Student Media to individuals and entities not qualified to use the software, without approval or authorization. On six separate occasions, investigators hired by Microsoft placed orders for various Microsoft software products and, upon receipt, determined that the products were infringing on its exclusive copyrights.

On March 10, 2008, Microsoft brought a motion for partial summary judgment to establish liability by defendant Wang for copyright infringement, infringing importation of copyrighted works, violation of the Digital Millennium Copyright Act and violation of the Anti-Counterfeiting Amendments Act. On May 5, 2008, the Court granted the motion for summary judgment against Wang. On July 3, 2008, Microsoft filed this motion for summary judgment for damages against Wang. In addition, because in opposition, Wang introduces documents never before produced, Microsoft separately moves to strike those documents. (*See* Declaration of Leon E. Jew in opposition to motion for summary judgment ("Opposition Declaration"), Exs. B-E.)

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.  Legal Standards.**

**1.  Legal Standard for Motion for Summary Judgment.**

A court may grant summary judgment as to all or a part of a party's claims. Fed. R. Civ. P. 56(a). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light

most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### 2. Legal Standards Relevant to Motion to Strike.

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted).

Federal Rule of Civil Procedure 26 requires parties to disclose the discovery requested regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The Rule also provides that a party who has made disclosures such as responses to interrogatories or requests for production of documents, "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the

3

disclosure or response is incomplete or incorrect, and if the additional information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A).  "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yetti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).   Rule 37 provides in pertinent part: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

Microsoft also moves to strike the new evidence submitted by Wang in opposition to the motion for summary judgment on the basis that defendant has failed to authenticate the documents at issue, or to show that they fall within any of the recognized exceptions to the hearsay rule.  *See* Fed. R. Evid. 803.

**B.     Motion for Summary Judgment is Denied.**

In this matter, the Court has already found that defendant Wang is liable for infringement of Microsoft software.  Microsoft's current motion only raises the issue of the amount of damages it is owed by virtue of defendants' infringing activities.[1]  According to the record before the Court, there is undisputed evidence that the funds raised by EEE Business, Wang's affiliated company, and deposited into the two accounts controlled by Wang amounted to $1,400,199.08.  Microsoft seeks this amount in addition to its attorneys' fees and costs.  The Court will not revisit the issue of liability as argued by Defendant in opposition to this motion. However, the Court does find that there is a sufficient factual dispute in the record to militate against the grant of judgment for a specific amount of damages.

In the context of infringer's profits, the plaintiff must meet only a minimal burden of proof in order to trigger a rebuttable presumption that the defendant's revenues are entirely attributable to the infringement; the burden then shifts to the defendant to demonstrate what

---

[1] All defendants are jointly and severally liable for infringement damages. *See* 17 U.S.C. § 501. The motion for default judgment against the non-appearing defendants is pending before Magistrate Judge Wayne D. Brazil for a report and recommendation.

4

portion of its revenues represent profits, and what portion of its profits are not traceable to the infringement. *Cream Records, Inc. v. Jos. Schlitz Brewing Co.,* 754 F.2d 826, 828 (9th Cir. 1985). Specifically, Section 504(b) provides:

> In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).

Here, although there is evidence that there was approximately $1.4 million deposited into accounts controlled by Wang, there is also admissible evidence tending to demonstrate that the profits are not solely attributable to ill-gotten proceeds from the sale of infringing Microsoft software. In the opposition to the motion, Wang provides evidence that EEE Business also sold products other than those owned by Microsoft. (*See* Opp. Decl., Ex. A.) Therefore, although the burden to demonstrate that Wang is entitled to deductions in the amount of profits earned by virtue of selling Microsoft's infringing software has shifted to Wang, there is enough evidence in the record to create a dispute of fact regarding whether Microsoft is entitled to the full amount sought. Therefore, at this procedural stage, summary judgment is not appropriate and is, accordingly, DENIED.

**C.   Motion to Strike is Moot.**

Because the Court does not rely on the disputed exhibits B through E attached to the opposition declaration, the Court finds the motion to strike those documents irrelevant and denies it as moot. However, the Court does find that those documents are improperly before the Court. In order to remedy defendant Wang's failure to produce the disputed financial documents, the Court REOPENS discovery for the limited purpose of investigating exhibits B through E attached to the Opposition Declaration. In addition, perhaps by virtue of the fact that there has been no discovery on the underlying sources for the compilation of EEE Business' financial data contained in the disputed documents, as submitted, the documents are without foundation and are inadmissible hearsay.

5

**CONCLUSION**

For the foregoing reasons, the Court DENIES Microsoft's motion for summary judgment and DENIES Microsoft's motion to strike as moot. The Court REOPENS discovery for the limited purpose of conducting discovery on Exhibits B through E attached to the opposition declaration. The Court SETS a further case management conference for October 3, 2008 at 1:30 p.m. The parties shall submit a joint case management statement by September 29, 2008 outlining the course, scope and duration of such discovery.

**IT IS SO ORDERED.**

Dated:   September 23, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6