Pro Se

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,

    Plaintiff,

v.

EEE BUSINESS INC., d/b/a EBUSZONE.COM and EBZ EBZ; MING NO SHANG; LIFENG WANG, a/k/a ALICE WANG; NANCY LINKER; and DOES 1-5,

    Defendants.

No. C 07-01839 JSW

**ORDER SETTING BRIEFING SCHEDULE ON THIRD MOTION FOR SUMMARY JUDGMENT RE DAMAGES**

    This matter is set for a hearing on March 6, 2009 on Microsoft's third motion for summary judgment. The Court HEREBY ORDERS that an opposition to the motion shall be filed by no later than **February 20, 2009** and a reply brief shall be filed by no later than February 27, 2009.

    Defendant Wang should be aware that failure to oppose a proper motion for summary judgment may result in the award of damages in this case. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, determine the outcome of this case. *See Rand v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc). A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 at 323. In opposing summary judgment, defendant Wang is not entitled to rely on mere allegations. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, Wang's response must set forth specific facts supported by admissible evidence, i.e., affidavits or certified deposition testimony, showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If summary judgment is granted, there will be no trial. *See Rand v. Rowland* 154 F.3d at 953-54.

If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

**IT IS SO ORDERED.**

Dated: JAN 2 3 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORP,

    Plaintiff,

v.

EEE BUSINESS INC. et al,

    Defendant.

Case Number: CV07-01839 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 23, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alice Wang
10325 Finch Avenue
Cupertino, CA 95014

Dated: January 23, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk