IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,

    Plaintiff,

    v.

EEE BUSINESS INC., d/b/a EBUSZONE.COM and EBZ EBZ; MING NO SHANG; LIFENG WANG, a/k/a ALICE WANG; NANCY LINKER; and DOES 1-5,

    Defendants.

No. C 07-01839 JSW

**ORDER DENYING RENEWED MOTION FOR SUMMARY JUDGMENT RE DAMAGES WITHOUT PREJUDICE**

Now before the Court is the renewed motion for summary judgment filed by Plaintiff Microsoft Corporation ("Microsoft") against defendant Lifeng Wang, a/k/a Alice Wang ("Wang") regarding damages and attorneys' fees and costs. The Court finds the motion noticed for hearing on Friday, April 10, 2009 at 9:00 a.m., is appropriate for decision without oral argument. Accordingly, the hearing date is hereby VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES Plaintiff's motion for summary judgment without prejudice to refiling.

**BACKGROUND**

Microsoft brought this civil action against defendant Wang, EEE Business, and a few individuals for unauthorized importation into the United States of Microsoft Student Media software that was manufactured and licensed for use abroad, and distributing Student Media to individuals and entities not qualified to use the software, without approval or authorization. On six separate occasions, investigators hired by Microsoft placed orders for various Microsoft

software products and, upon receipt, determined that the products were infringing on its exclusive copyrights.

On March 10, 2008, Microsoft brought a motion for partial summary judgment to establish liability by defendant Wang for copyright infringement, infringing importation of copyrighted works, violation of the Digital Millennium Copyright Act and violation of the Anti-Counterfeiting Amendments Act. On May 5, 2008, the Court granted the motion for summary judgment against Wang. On July 3, 2008, Microsoft filed a motion for summary judgment for damages against Wang. In opposition, Wang introduced financial documents pertaining to EEE Business that had never before been produced. As a result, on September 23, 2008, the Court denied summary judgment on damages and reopened discovery for the limited purpose of investigating exhibits offered by Wang. At the close of that reopened discovery, Plaintiff filed its renewed motion for summary judgment for damages against defendant Wang. For the interim discovery period, Wang proceeded *pro se*, but has since engaged counsel. Now, again, in response to the renewed motion for summary judgment, Plaintiff has created the identical situation by submitting exhibits to her declaration, as well as the declaration of her mother and a previously-unnamed accountant, in opposition to Plaintiff's renewed motion.

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.    Legal Standard for Motion for Summary Judgment.**

A court may grant summary judgment as to all or a part of a party's claims. Fed. R. Civ. P. 56(a). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id*. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light

most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Motion for Summary Judgment is Denied.**

In this matter, the Court has already found that defendant Wang is liable for infringement of Microsoft software. As indicated in this Court's prior orders, the issue of liability has been adjudicated and shall not be revisited. Microsoft's renewed motion only raises the issue of the amount of damages it is owed by virtue of defendants' infringing activities.[1] According to the record before the Court, there is undisputed evidence that the funds raised by EEE Business, Wang's affiliated company, and deposited into the two accounts controlled by Wang amounted to $1,400,199.08. Microsoft seeks this amount in addition to its attorneys' fees and costs.

---

[1] On January 22, 2009, this Court adopted the report and recommendation from Magistrate Judge Brazil on the motion for default judgment against the non-appearing defendants and found that all defendants are jointly and severally liable for infringement damages. *See* 17 U.S.C. § 501. This adjudication shall also not be revisited.

3

Once again, the Court is in the position of being presented with a murky record regarding damages due to the delayed submission of possibly relevant documents pertaining to the business conducted by EEE Business. Again, in the context of infringer's profits, the plaintiff must meet only a minimal burden of proof in order to trigger a rebuttable presumption that the defendant's revenues are entirely attributable to the infringement; the burden then shifts to the defendant to demonstrate what portion of its revenues represent profits, and what portion of its profits are not traceable to the infringement. *Cream Records, Inc. v. Jos. Schlitz Brewing Co.,* 754 F.2d 826, 828 (9th Cir. 1985). Specifically, Section 504(b) provides:

> In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).

Here, although there is evidence that there was approximately $1.4 million deposited into accounts controlled by Wang, there is also some late-proffered evidence tending to demonstrate that the profits are not solely attributable to ill-gotten proceeds from the sale of infringing Microsoft software. Again, in opposition to the motion, Wang provides evidence that EEE Business also sold products other than those owned by Microsoft. Therefore, although the burden to demonstrate that Wang is entitled to deductions in the amount of profits earned by virtue of selling Microsoft's infringing software has shifted to Wang, there is enough evidence in the record to create a dispute regarding whether Microsoft is entitled to the full amount sought. Therefore, once again, summary judgment is not appropriate at this time and is, accordingly, DENIED.

**C.      Prejudice of Late Disclosure and Further Discovery Borne by Wang.**

Because Plaintiff will suffer prejudice should the Court reopen discovery and require further adjudication of the damages owed in this matter, the Court orders that all additional fees and costs incurred as a result of continued discovery made necessary by the late disclosures will be paid by defendants. In addition, the Court orders that Jimmy Chen shall be made available for deposition by no later than April 24, 2009 and the deposition of Ming Ni Shang shall be

4

conducted either pursuant to Federal Rule of Civil Procedure 31(a) or by video. By virtue of having defaulted and for failure to respond timely to discovery requests propounded on her, Ming Ni Shang has waived all objections to the deposition and shall be deposed or shall appear for deposition on May 8, 2009 or timely respond to the deposition questions in conformance with Federal Rule of Civil Procedure 31(a)(5). Should any follow-up discovery be necessary by Plaintiff to complete the record, all such discovery shall be completed by no later than June 26, 2009.

Regardless of whether a third motion for summary judgment on the issue of damages is appropriate, Plaintiff shall file a declaration by no later than July 3, 2009 setting out the fees and costs incurred as a result of the twice-reopened discovery in this matter. Defendant Wang shall respond, only as to the reasonableness of the fees and costs, by no later than July 10, 2009. Those costs, once deemed reasonable by this Court, shall be immediately payable to Plaintiff by defendant Wang.

## CONCLUSION

For the foregoing reasons, the Court DENIES Microsoft's motion for summary judgment without prejudice to refiling. The Court again REOPENS discovery for the limited purpose of conducting discovery on the submissions made in Plaintiff's opposition to the renewed motion. The Court SETS a further case management conference for July 10, 2009 at 1:30 p.m. The parties shall submit a joint case management statement by July 3, 2009 outlining the parties' positions regarding the discovery and whether Plaintiff will renew its motion for summary judgment re damages.

**IT IS SO ORDERED.**

Dated: April 6, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5